IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

MARCELLA ANDERSON                                                                                          PLAINTIFF

v.                                          No. 5:07CV00205 JLH

PRODUCERS RICE MILL, INC.                                                                               DEFENDANT

## OPINION AND ORDER

Marcella Anderson brought this action against her former employer, Producers Rice Mill, Inc., under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, and the Age Discrimination in Employment Act, claiming that she suffered sex discrimination and age discrimination when Producers Rice Mill Inc. allowed similarly situated men to be reinstated after taking medical leave in excess of the twelve weeks allowed by the Family and Medical Leave Act and replaced her with a younger female employee. The Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331. Before the Court is the defendants' motion for summary judgment. For the following reasons, that motion is granted.

**I.**

A court should enter summary judgment when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250, 106 S. Ct. 2505, 2511, 91 L. Ed. 2d 202 (1986). When a nonmoving party cannot make an adequate showing on a necessary element of the case on which that party bears the burden of proof, the moving party is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23, 106 S. Ct. 2548, 2552, 91 L. Ed. 2d 265 (1986). The

moving party bears the initial responsibility of demonstrating the absence of a genuine issue of material fact. *Celotex*, 477 U.S. at 323, 106 S. Ct. at 2553. If the moving party meets this burden, "the nonmoving party must come forward with 'specific facts showing that there is a *genuine issue for trial*.'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S. Ct. 1348, 1356, 89 L. Ed. 2d 538 (1986) (quoting FED. R. CIV. P. 56(e)). A genuine issue for trial exists only if there is sufficient evidence to allow a jury to return a verdict for the nonmoving party. *Anderson*, 477 U.S. at 249, 106 S. Ct. at 2511. In deciding a motion for summary judgment, the Court views the facts in the light most favorable to the nonmoving party and draws all inferences in his favor, mindful that summary judgment seldom should be granted in discrimination cases where claims are often based on inferences. *Peterson v. Scott County*, 406 F.3d 515, 520 (8th Cir. 2005); *Bassett v. City of Minneapolis*, 211 F.3d 1097, 1099 (8th Cir. 2000) (collecting cases). *But see Bainbridge v. Loffredo Gardens, Inc.*, 378 F.3d 756, 762 (8th Cir. 2004) (Arnold, J., dissenting).

## II.

Producers Rice Mill, a farmer-owned cooperative headquartered in Stuttgart, Arkansas, hired Anderson in 2001 as its Purchasing Assistant. The Purchasing Department in which Anderson worked consisted solely of one Purchasing Manager and one Purchasing Assistant. The Purchasing Manager at all times relevant to this controversy was Greg Case. The Purchasing Manager reported to the Vice President of Operations, Kenny Dryden.

On September 28, 2006, Anderson was forced to leave work on an unexpected medical leave. She had hernia surgery and subsequently suffered from a serious staph infection. Anderson was physically unable to work until she was released to return to work on February 19, 2007. Anderson

was entitled to twelve weeks of protected leave under the Family and Medical Leave Act, 29 U.S.C. § 2612(a)(1); however, Anderson's condition required her to miss more than twenty weeks of work.

Due to the small number of employees in the Purchasing Department, Case knew that he could not effectively operate the Department without a Purchasing Assistant for an indefinite amount of time. Once Case came to the realization that Anderson's condition was serious and her leave might be for an extended period of time, he approached Dryden about filling the position. Case hired Crystal Goza as the new Purchasing Assistant. Both Case and Dryden knew that if Anderson were able to return to work, they would have to face a decision as to what to do with regard to the interim replacement.

On or about January 11, 2007, Karen Bagley, Producers Rice Mill's Human Resources Manager, heard indications from other employees that Anderson was close to being able to return to work. At that time, Bagley began tracking clerical positions within the company "to look to see what our options are going to be" when Anderson was able to return.

While Anderson was out, Case had been impressed with Goza's performance. Case had received comments from accounts payable, which works closely with the Purchasing Department, about how interactions between the two departments had been smoother since Goza's arrival. When Anderson had been Purchasing Assistant, occasionally her work would "stack up" because she would get "covered up." According to Case, he would help Anderson do her job in these instances. Once Goza had been trained, Case did not have to help her. Case concluded that Goza was speedier and more efficient with her work. When Anderson was able to return to work, Case discussed with Dryden his opinion that Goza performed her duties in a more timely manner. According to Case, it was at this time and for these reasons that he chose to retain Goza as his Purchasing Assistant

3

rather than Anderson. Based on their discussion, Dryden concurred with Case's decision to retain Goza.

During the same time period, Bagley was in the process of hiring a Human Resources Assistant to replace a retiring employee. According to Bagley, by the time she was aware that Anderson had been released to return to work, she had already posted the availability of the decision, interviewed particular candidates, and scheduled second and final interviews of her top choices with her boss, Kent Lockwood, Vice President of Finance and Administration. In fact, Bagley states that she had already decided to hire a particular applicant, April Levey, absent a veto from Lockwood. Bagley also states that she was aware of nothing that made Anderson more qualified for the position than Levey or the other candidates that had already passed the first interviews. Thus, she did not offer the human resources position to Anderson. Because there were no other open positions, Producers Rice Mill discharged Anderson on February 19, 2007.

Another position, Traffic Coordinator, was posted as an opening on February 27, 2007. According to Bagley, she was notified of this opening after Anderson had already been discharged on February 19, 2007. Anderson did not apply for the position, nor was it ever filled. Producers Rice Mill rescinded the posting before it ever hired anyone for the position. Anderson commenced this action on August 6, 2007.

### III.

Anderson alleges that she was subjected to disparate treatment because of her sex. When a plaintiff lacks direct evidence of discrimination, she "must carry the initial burden under the statute of establishing a prima facie case of . . . discrimination." *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802, 93 S. Ct. 1817, 1824, 36 L. Ed. 2d 668 (1973). The Eighth Circuit has defined direct

evidence as "'evidence of conduct or statements by persons involved in the decisionmaking process that may be viewed as directly reflecting the alleged discriminatory attitude . . . sufficient to permit the factfinder to infer that that attitude was more likely than not a motivating factor in the employer's decision.'" *Cronquist v. City of Minneapolis*, 237 F.3d 920, 925 (8th Cir. 2001) (quoting *Radabaugh v. Zip Feed Mills, Inc.*, 997 F.2d 444, 449 (8th Cir. 1993)). Anderson does not allege any direct evidence of sex discrimination.

> As for indirect evidence, [a plaintiff] may establish a prima facie case of [sex] discrimination under the burden-shifting framework *McDonnell Douglas* . . . . [A plaintiff] must show (1) she was a member of a protected class, (2) she was qualified for her job, (3) she suffered an adverse employment action, and (4) there are facts that give rise to an inference of gender discrimination.

*Shaffer v. Porter*, 499 F.3d 900, 904-05 (8th Cir. 2007) (citing *Holland v. Sam's Club*, 487 F.3d 641, 644-45 (8th Cir. 2007); *Rodgers v. U.S. Bank*, 417 F.3d 845, 850 (8th Cir. 2005)).

> If a prima facie case is established, a "burden of production then shifts to the employer to articulate a legitimate, non-discriminatory reason for firing the plaintiff." If the employer makes such a showing, the plaintiff must then demonstrate by a preponderance of the evidence that the stated non-discriminatory rationale was a mere pretext for discrimination.

*Twymon v. Wells Fargo & Co.*, 462 F.3d 925, 934-35 (8th Cir. 2006) (citation omitted).

Producers Rice Mill does not dispute that Anderson was a member of a protected class or that she suffered an adverse employment action, nor does it essentially dispute that she was qualified for her job. Rather, it contends there are no facts that give rise to an inference of sex discrimination, or that if there are, it has offered a legitimate, non-discriminatory reason for her discharge – Case viewed Goza as a superior Purchasing Assistant and there were no other open positions for which Anderson was the most qualified – and Anderson cannot establish that that reason is a pretext for discrimination.

A common circumstance that gives rise to an inference of discrimination is when the position from which the employee was discharged is filled by a similarly qualified applicant outside the protected class. That is not the case here. Both Goza and Levey are also women and therefore members of the same protected class. Anderson contends that the circumstances giving rise to an inference of discrimination here are that there are similarly situated male employees who have been allowed to return to Producers Rice Mill after taking longer than twelve weeks of medical leave. Anderson points to three separate examples of male employees – specifically, Phillip Apple, Richard Martin, and Chris Bogy – who were treated differently than Anderson in what she alleges to be similar circumstances.

Producers Rice Mill has two responses. First, Producers Rice Mill argues that the male employees were not similarly situated to Anderson. Second, Producers Rice Mill points out that it has also allowed two women to take more than twelve weeks of medical leave and return to work. Both arguments are persuasive. To begin with, the question of whether employees are similarly situated takes into account the nature of the employment relationships, the relevant decision-makers, and other circumstances. *Lowery v. Hazelwood Sch. Dist.*, 244 F.3d 654, 659-60 (8th Cir. 2001) (citing *Harvey v. Anheuser-Busch, Inc.*, 38 F.3d 968, 972 (8th Cir. 1994)).[1] The Eighth Circuit has stated that "'when different decision-makers are involved, two decisions are rarely similarly situated in all relevant respects.'" *Fields v. Shelter Mut. Ins. Co.*, 520 F.3d 859, 864-65 (8th Cir. 2008)

---

[1] Anderson contends that any reliance on *Lowery* is misplaced as that case involved employee misconduct, and there is no issue of employee misconduct here. While that may be true, *Lowery* also dealt with employment discrimination and what sort of proof was required of a plaintiff to demonstrate that the defendant had given preferential treatment to similarly situated employees outside the protected class, just as this case does. For that reason, the Eighth Circuit's analysis is informative here.

(quoting *Stanback v. Best Diversified Prods., Inc.*, 180 F.3d 903, 910 (8th Cir. 1999)). The Eighth Circuit has also described the test of determining whether circumstances of disparate treatment are similarly situated as "rigorous." *See Harvey*, 38 F.3d at 972.

According to Producers Rice Mill, Apple was a supervisor of a large department with several assistants who could step in to ensure that the department functioned properly while he was on leave; Martin worked on a construction crew of six men who could help cover his work in addition to the other construction crews that could serve as backup; and Bogy worked in a large department where his supervisor decided that the other employees could cover his work for a time. In other words, none of the three male employees worked in a two-person department where it was difficult to cover the work of a single employee who was out on extended medical leave. Anderson does not dispute these facts. Nor does she dispute the fact that none of these employees was supervised by Greg Case or Karen Bagley, and a different decision-maker was therefore involved. Finally, Anderson also does not dispute that neither Apple, Martin, nor Bogy's supervisor approached Dryden or anyone else about the need to fill their positions on a temporary basis while they were gone on medical leave. Anderson has failed to demonstrate that she was similarly situated to the male employees in question.

Additionally, Producers Rice Mill points to two female employees, April Hood and Casey Carpenter, who returned to work there after taking more than twelve weeks of medical leave. According to Producers Rice Mill, in each of those situations, Hood and Carpenter's work could be covered by other employees while they were on leave. There was therefore no need to hire an interim employee, and both were allowed to return to their positions. Anderson also does not dispute these facts. Thus, there are examples in the record of five employees of Producers Rice Mill who took medical leave longer than the twelve weeks protected by the Family and Medical Leave Act and

were allowed to return either to their own occupation or a similar job within the company. Of these five employees, three were men and two were women. These circumstances are insufficient to give rise to an inference of sex discrimination. Because Anderson has failed to make a prima facie case of sex discrimination, Producers Rice Mill is entitled to summary judgment on that claim.

Anderson also alleges that she was subject to disparate treatment because of her age. Anderson alleges that she has put forth direct evidence of age discrimination, specifically Case's description of Goza's work as faster and because he stated he preferred Goza because of a "total package of things being performed better in the job place." (Case's Dep at p. 17, line 25-p. 18, line 1.) As mentioned, direct evidence is evidence "that may be viewed as directly reflecting the alleged discriminatory attitude." A statement indicating a preference for one employee who works faster and gives an overall better performance than another employee does not directly reflect a discriminatory attitude of any sort. This evidence does not meet the definition of direct evidence as set out by the Eighth Circuit. Once again,

> If there is no direct evidence of discrimination, the case is considered under the three-phase, burden-shifting framework of *McDonnell Douglas* . . . . Under this framework, the plaintiff must first establish a prima facie case of age discrimination. Next, the burden shifts to the employer to offer a legitimate, non-discriminatory reason for its conduct. If the employer does so, the plaintiff must demonstrate that the reason offered was a pretext.

*Ward v. Int'l Paper Co.*, 509 F.3d 457, 460 (8th Cir. 2007) (citations omitted). "To establish a prima facie case of age discrimination, [a plaintiff] must show he (1) was at least forty years old, (2) suffered an adverse employment action, (3) was meeting his employer's legitimate expectations at the time of the adverse employment action, and (4) was replaced by someone substantially younger." *Morgan v. A.G. Edwards & Sons, Inc.*, 486 F.3d 1034, 1039 (8th Cir. 2007).

8

Here, Anderson was forty-nine years old, she was discharged, Producers Rice Mill admits that she met its legitimate expectations throughout her employment, and both Goza and Levey were substantially younger than Anderson. Thus, she has established a prima face case. In response, Producers Rice Mill has articulated a legitimate, non-discriminatory reason for her discharge: Case preferred Goza as Purchasing Assistant, and there were no other open positions in the company for which Anderson was most qualified. Anderson must therefore demonstrate that this reason is a pretext for age discrimination.

Anderson makes several allegations that she argues show that Producer's Rice Mill's stated reason for discharging her are a pretext for discrimination. Specifically, Anderson mentions the following: (1) Case never disciplined Anderson and admitted she had good relationships with vendors and co-workers; (2) Case preferred Goza to Anderson long before Anderson's protected twelve-week leave period had expired; (3) Bagley did not consider Anderson for the Human Resources Assistant position when Bagley knew Anderson would be returning; (4) Bagley did not consider Anderson to be more qualified for the human resources position when Bagley knew that Anderson had several years of clerical experience within the company; (5) Levey was Bagley's housekeeper before Bagley hired her for the Human Resources Assistant position, intimating Bagley was biased in favor of Levey because of their personal relationship; (6) Bagley gave inconsistent testimony and so her credibility is at issue; (7) the timing of Anderson's return followed shortly by Bagley's hiring of Levey and posting of the Traffic Coordinator position arouses suspicion; and (8) Producers Rice Mill asserts that it discharged Anderson on the basis that there was no available work when the Traffic Coordinator position was open.

9

These allegations neither separately nor as a whole demonstrate that Producers Rice Mill's reason for discharging Anderson was a pretext for discrimination. First, Case admits that Anderson was not discharged for poor performance. Rather, he merely preferred Goza because he viewed her job performance as superior. Furthermore, the issue here is not to determine whether Producer Rice Mill's discharge of Anderson was unwise or even unfair. *See Johnson v. Ready Mixed Concrete Co.*, 424 F.3d 806, 812 (8th Cir. 2005). Rather, the question is to determine whether Producers Rice Mill was motivated either by Anderson's sex or age when it terminated her employment. *See id.* To prefer one employee over another because of superior job performance does not indicate a discriminatory motive. Second, had Anderson been able to return to work within a twelve-week period, she would have been entitled to her former position or a similar one regardless of whether Case had already determined that her preferred Goza as Purchasing Assistant.

Third, while Bagley knew vaguely that Anderson might be on the verge of being able to return, according to her undisputed testimony, she did not know of a return to work date for Anderson until February 14, 2007. By that time, she had already begun the process for filling the human resources position and had virtually settled on Levey as her choice. Fourth, as mentioned, while it may very well have been unwise for Bagley to hire Levey instead of Anderson, that is not the inquiry here. Additionally, as noted by Producers Rice Mill, choosing one applicant over another with more experience at the company does not alone show a pretext for discrimination. *See Glab v. California State Bd. of Equalization*, 1998 WL 516761, at *4 (7th Cir. 1998). It is also worth noting that Anderson did not apply to be Human Resources Assistant, nor did she indicate to Bagley that she was interested in the position.

Fifth, as correctly argued by Producers Rice Mill, the fact that Bagley may have hired Levey because of their personal relationship only tends to show that neither age nor sex was the reason for Anderson's discharge. *See Grossmann v. Dillard Dep't Stores, Inc.*, 109 F.3d 457, 459 (8th Cir. 1997); *Rothmeier v. Inv. Advisers, Inc.*, 85 F.3d 1328, 1337-38 (8th Cir. 1996). Sixth, as explained by Producers Rice Mill, Bagley's testimony was inconsistent nor would any alleged inconsistency be probative of a discriminatory motive on Bagley's part. Lastly, Bagley has also explained the timeline of potential openings as they coincided with Anderson's return. By the time Bagley was aware of a specific date that Anderson was eligible to return, she had already begun and nearly completed the process for filling the open human resources position. She also was unaware of the Traffic Coordinator posting until after Anderson had already been discharged. Once again, it is worth noting that Anderson did not apply for nor indicate an interest in the Traffic Coordinator position.

To summarize, "the controlling question is not whether [Anderson] cast some doubt on [Producers Rice Mill's] expressed reasons for firing [her], but whether the evidence proves [Producers Rice Mill] discriminated against" Anderson. *Grossmann*, 109 F.3d at 458. If anything, the evidence in the record indicates that Anderson's discharge had nothing to do with her sex or age. As mentioned, Anderson speculated that Bagley may have hired Levey because Levey had previously served as Bagley's housekeeper, and they may have had a personal relationship. Anderson mentioned in her deposition that Bagley may have hired Levey because of Bagley's relationship with Levey's mother. Anderson also mentioned in her deposition that she believed Producers Rice Mill may have terminated her employment because of her medical claims history. Each of these

11

alternative reasons, while perhaps unsound or even unfair, tend to show that reasons other than age and sex played a role in Anderson's discharge.

Additionally, there is evidence in the record that Bagley was keeping track of clerical openings on Anderson's behalf long after Anderson's protected leave had expired. Once Anderson's twelve-week protected leave period concluded on December 21, 2006, Producers Rice Mill was under no obligation to allow Anderson to return to work. Nevertheless, when Bagley became aware in early January 2007 that Anderson might soon be able to return to work, she began keeping track of clerical openings at the company on Anderson's behalf. This evidence also tends to show that neither age nor sex played a role in Producers Rice Mill's decision to terminate Anderson's employment.

It is worth mentioning that "[w]hile subjective evaluations must be closely scrutinized when they form the basis of asserted legitimate, nondiscriminatory reasons for an employment decision . . . ." *Tyler v. Hot Springs Sch. Dist. No. 6*, 827 F.2d 1227, 1233 (8th Cir. 1987). Here, Producers Rice Mill's stated reason for choosing to retain Goza rather than reinstate Anderson is subjective. However, merely because the stated reason is subjective does not render it invalid. *Id.* After a careful examination of the record, there is no evidence that shows that Producer Rice Mill's stated reasons for discharging Anderson were in fact a pretext for age or sex discrimination. Producers Rice Mill is therefore entitled to summary judgment.

## CONCLUSION

Anderson failed to demonstrate a prima facie claim on her claim for sex discrimination. Furthermore, Anderson has put forth no evidence tending to show that the legitimate, non-discriminatory reason stated by Producers Rice Mill as to Anderson's discharge was a pretext for

either sex or age discrimination. Producers Rice Mill is therefore entitled to summary judgment. Document #11. Both Anderson's and Producers Rice Mill's motions in limine are denied as moot. Documents #16, #29.

    IT IS SO ORDERED this 4th day of June, 2008.

                                                _____
                                                J. LEON HOLMES
                                                UNITED STATES DISTRICT JUDGE